141 F.3d 1177
 48 U.S.P.Q.2d 1217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MOSCOW DISTILLERY CRISTALL, an Open Joint Stock Company of
the Russian Federation, Plaintiff-Appellee,
v.
PEPSICO, INC., a North Carolina Corporation, Defendant-Appellant.
Moscow Distillery Cristall, an Open Joint Stock Company of
the Russian Federation, Plaintiff-Appellant,
v.
Pepsico, Inc., a North Carolina Corporation; Alaska
Distributors, a Washington Corporation; Beverage
Representatives, Inc., a Washington
Corporation, Defendants-Appellees.
Moscow Distillery Cristall, an Open Joint Stock Company of
the Russian Federation, Plaintiff-Appellant,
v.
Pepsico, Inc., a North Carolina Corporation, Defendant-Appellee.
 Nos. 96-36217, 96-36249, 96-36250.
D.C. No. CV-95-00226-WLD.
 United States Court of Appeals, Ninth Circuit.
 Decided March 9, 1998.
Argued and submitted February 2, 1998 Seattle, Washington.
 
 Appeal from the United States District Court for the Western District of Washington William L. Dwyer, District Judge, Presiding.
 Before BROWNING, SKOPIL, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pepsi appeals the judgment based on the jury's finding that Pepsi infringed the "Cristall" trademark owned by Moscow Distillery Cristall ("MDC"), and the monetary awards accorded MDC. MDC cross-appeals the trial judge's refusal to award treble damages and prejudgment interest. We affirm.
 
 
 3
 We review jury verdicts "to determine whether they are supported by 'substantial evidence,' that is, such relevant evidence as reasonable minds might accept as adequate to support a conclusion." Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995). We review challenges to the district court's formulation of jury instructions for abuse of discretion by determining "whether the instructions, considered as a whole, were inadequate or misleading." Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1397 (9th Cir.1996) (citation and internal quotations omitted). Challenges to the legal sufficiency of jury instructions are reviewed de novo. See id.
 
 I. Pepsi's Appeal
 
 4
 Pepsi argues the jury could not reasonably have concluded, based on this record, that MDC owned the Cristall mark, that the Cristall mark had secondary meaning independent of Pepsi's Stolichnaya mark, and that there was a likelihood of confusion between Stolichnaya Cristall and Cristall Signature Series vodka. Pepsi also contends the district judge failed to instruct the jury properly on Pepsi's infringement counterclaim. Finally, Pepsi maintains the monetary awards accorded MDC are not supported by the record. We reject these claims.[1]
 
 A. Infringement
 
 5
 Where a manufacturer and its distributor contest the ownership of a trademark, and no contractual agreement controls, the manufacturer presumptively owns the mark. See Sengoku Works Ltd. v. RMC International, Ltd., 96 F.3d 1217, 1220 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2478, 138 L.Ed.2d 987 (1997). The record supports a reasonable conclusion that the relationship between MDC and Pepsi was essentially that of manufacturer and distributor. MDC exercised substantial control over the creation of the vodka eventually marketed as Stolichnaya Cristall, and performed typical manufacturer functions: distilling, bottling, labelling, packaging, and loading the product. The jury could reasonably have concluded that Pepsi acted principally as a distributor, negotiating its plan to distribute a premium vodka with Soviet officials, devising a marketing strategy for the vodka, and appointing its exclusive importer to import and distribute it. While the record also includes evidence that Pepsi contributed to the development of Cristall vodka, the jury could reasonably have found that these contributions were insufficient to make Pepsi anything more than a distributor. Accordingly, it was proper for the jury to presume, under Sengoku, that MDC owned the Cristall mark.
 
 
 6
 There is substantial evidence in the record to support the jury's conclusion that Pepsi failed to rebut the presumption that MDC owned the Cristall mark. The jury could reasonably have found that of the factors set forth in the jury instructions regarding trademark ownership, only two favored Pepsi: (1) it decided the mark would be used; and (2) it paid for advertising. Pepsi presented strong evidence that Pepsi, as opposed to MDC, had decisionmaking authority regarding the name of the vodka product, and that it invested greater resources than MDC in popularizing Stolichnaya Cristall. The evidence was conflicting, however, regarding which party conceived of the mark, which party caused the mark to be affixed to the product, which party exercised control over the quality of the product, and with which party buyers identified the product. The jury could reasonably have resolved the evidentiary conflicts with respect to each of these factors in favor of MDC. That only MDC's name appeared on the label also weighs in favor of MDC.
 
 
 7
 Balancing the relevant factors, the jury could reasonably have found that either party owned the Cristall mark. We may not substitute our view of which party should prevail for the jury's view. Nor is the jury's conclusion that MDC owned the Cristall mark inconsistent with its finding that MDC did not own the trade dress for Stolichnaya Cristall, as Pepsi contends. The evidence introduced by Pepsi showed that it was more directly involved in the development of Stolichnaya Cristall's packaging and label design than in the creation of the Cristall mark.
 
 
 8
 The record also supports the jury's finding that "Cristall" has secondary meaning, and that the average consumer would likely be confused by Stolichnaya Cristall's use of that mark. Since the parties submitted no consumer surveys or direct evidence of consumer views, the jury's decision was based primarily on circumstantial evidence and the Stolichnaya Cristall label itself. Pepsi argues that, from the average consumer's perspective, the Cristall mark likely signified the same source as that of the Stolichnaya line of vodkas. However, it is equally reasonable to conclude that the average consumer would distinguish Cristall from the other Stolichnaya vodkas and identify it instead with MDC or an anonymous Russian distillery other than the source of Stolichnaya: the Cristall mark was distinctive, the quality of Cristall vodka was higher than that of other Stolichnaya vodkas, and the label referred explicitly to MDC. Based on its finding of secondary meaning, the jury could properly conclude that a consumer viewing Pepsi's Stolichnaya Cristall and MDC's Cristall Signature Series vodka would likely be confused as to their respective sources, enabling Pepsi to exploit MDC's goodwill.
 
 
 9
 We reject Pepsi's argument that the district court erred in failing to include the factors set forth in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir.1979), in its jury instructions regarding likelihood of confusion. This court has refused to establish a rigid test for analyzing likelihood of confusion in trademark cases. See Eclipse Assocs. Ltd. v. Data Gen. Corp., 894 F.2d 1114, 1118 (9th Cir.1990). In Sleekcraft, we set forth a variety of factors probative of consumer confusion, but noted that the similarity of marks was sufficient to establish likelihood of confusion where the products at issue were in direct competition. See 599 F.2d at 348. Accordingly, since Stolichnaya Cristall and Cristall Signature Series vodka are direct competitors, the district court did not err in limiting its instructions to the marks' similarity in sound, appearance, and meaning. That the district court could also have included the Sleekcraft factors if it were so inclined does not make its instruction erroneous.
 
 
 10
 B. Jury instructions regarding Pepsi's counterclaim
 
 
 11
 We agree with Pepsi that the district court erred in failing to instruct the jury clearly on Pepsi's theory that Cristall was not a trademark standing alone, but was part of the composite "Stolichnaya Cristall" mark. The trial court's erroneous jury instruction nevertheless "does not require reversal if it is more probable than not that the error was harmless." Masson, 85 F.3d at 1397. In concluding that the Cristall mark has secondary meaning apart from Stolichnaya, the jury impliedly rejected the theory that the Cristall mark has no secondary meaning standing alone. Accordingly, the trial court's failure to set forth Pepsi's composite mark theory in clear terms was harmless.
 
 C. Monetary awards
 
 12
 Pepsi's challenges to the monetary awards are unavailing. The jury's award of damages to MDC was reasonably certain. Because the Cristall mark was owned by MDC, Pepsi could have marketed Stolichnaya Cristall only by purchasing vodka from MDC or paying a royalty to MDC. By causing its exclusive importer to purchase vodka marketed as Stolichnaya Cristall from the Liviz distillery, Pepsi necessarily displaced sales by MDC. Because Pepsi's 1994 purchase of infringing Liviz vodka predates MDC's decision to stop selling vodka to Pepsi, the jury's award did not compensate MDC for sales MDC declined to make to Pepsi. The amount of the damage award is fully supported by evidence of MDC's loss of sales and goodwill from Pepsi's 1994 purchase of Liviz vodka.
 
 
 13
 The jury's award of an accounting also was proper, since the record supports a reasonable finding of willful infringement by Pepsi. The jury's award of both damages and an accounting does not constitute double-counting: the jury instructions' requirement that the jury find willful infringement before awarding an accounting indicates that the accounting was not intended to measure MDC's loss, but instead was based on a theory of unjust enrichment. See Adray v. Adry-Mart, Inc., 76 F.3d 984, 988 (9th Cir.1995).
 
 
 14
 Because the record supports a finding of willful infringement, the district court judge's decision to award attorneys fees was not an abuse of discretion. See Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th Cir.1984).
 
 II. MDC's Cross-Appeal
 
 15
 MDC's claim that the trial judge erred by failing to award treble damages and prejudgment interest is meritless. The district court judge's refusal to award treble damages was not an abuse of discretion, since it was reasonable for him to conclude that the jury's award adequately compensated MDC. MDC's claim for prejudgment interest is frivolous. Prejudgment interest is available under the Lanham Act only for counterfeiting, see 15 U.S.C. § 1117(b), and this is not a counterfeiting case.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 MDC asserts a number of waiver arguments with respect to Pepsi's claims, all of which fail